THE LANNOM MANUFACTURING CO., INC., A CORPORA-TION, PLAINTIFF-APPELLANT, v. HENRY RASSNER, ALSO KNOWN AS HARRY RASSNER, INDIVIDUALLY AND TRADING AS RASSNER'S SPORT SHOP, DEFEND-ANT-RESPONDENT.

Submitted October 7, 1941—Decided May 8, 1942.

Before Justices Parker, Donges and Colie.

For the appellant, *Abraham Lieberman* (*Harold Feinberg*, of counsel).

For the respondent, *Solomon & Solomon* (*Leo Solomon*, of counsel).

Per Curiam.

Plaintiff, The Lannom Manufacturing Co., Inc., brought suit against the defendant, Henry Rassner, to recover the sum of $187.38, being the value of certain baseballs sold and delivered to the defendant. Defendant counter-claimed for $10.90, the amount of express charges incurred by Rassner in returning the goods to the plaintiff. The District Court Judge entered judgment for the defendant and plaintiff appeals.

The factual situation developed before the trial court showed that the defendant was a dealer in sporting goods, extensively handling both baseballs and soft balls. He was visited by the plaintiff's salesman and persuaded to place an order. In the course of the discussion leading thereto, the salesman exhibited a sample of the soft ball and also told the defendant that the goods were better in grade and quality than the goods defendant was then handling. At the trial, the sample submitted was not produced, but plaintiff's salesman testified that the goods sold corresponded to the sample exhibited. The defendant on the other hand denied that the goods corresponded to the sample and further testified that they were inferior to the standard brands that he carried in stock. The defendant produced as a witness a man who, for fifteen years, had played on, captained and managed baseball clubs and in connection therewith had been a buyer of the standard brands dealt in by the defendant. The trial judge, deeming him qualified, permitted the witness to testify that the goods in question were inferior to the standard brands, rather than superior thereto, as represented by the plaintiff's salesman.

Plaintiff specifies four grounds for reversal. The first alleges error in permitting the introduction into evidence of

three standard brands of baseballs. Since plaintiff's salesman had represented his employer's product to be superior in quality thereto and that fact being in dispute, we see no error in permitting the introduction into evidence of the three standard brands of baseballs. The second ground alleges error in permitting the witness, Metallian, to testify as an expert in the manufacture and use of baseballs. The witness did not testify as a manufacturer and we find no error in the court's ruling as to his qualifications to testify as a user of baseballs in view of his extensive experience. The third ground alleges error in permitting the same witness to testify that the goods were inferior to the standard brands admitted in evidence. The witness having met the preliminary requirement of qualification to testify as an expert, we find no error in his doing so. Parenthetically we point out that, although we have decided the above two grounds raised on the merits, they might well have been passed in silence since neither ground states the question or answer objected to and ruled upon by the trial judge. *Terminal Cab* v. *Mikolasy,* 128 *N. J. L.* 275. The fourth and last ground asserts error in giving judgment for defendant when the court dismissed the defendant's counter-claim which was based on the theory of the plaintiff's suit. The defendant has not appealed from the dismissal of his counter-claim and since that is the case, we need not consider the propriety of the ruling.

On the case presented to the District Court Judge, we think there was evidence warranting a finding of fact that the goods did not conform to the sample as described in the oral testimony produced without objection.

The judgment appealed from is affirmed, with costs.